UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEIULEMAR SHIPPING SpA,

                Plaintiff,

- against -

MADGE INVESTMENTS LTD. and
KREMIKOVTZI TRADE LTD.,

                Defendants.
------------------------------------------------------------------X

JUDGE COTE
07 CIV 4768

RECEIVED
JUN 0 4 2007
U.S.D.C. S.D. N.Y.
CASHIERS

### VERIFIED COMPLAINT

Plaintiff, DEIULEMAR SHIPPING SpA. ("DEIULEMAR" or "PLAINTIFF") by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, MADGE INVESTMENTS LTD. ("MADGE") and KREMIKOVTZI TRADE LTD. ("KREMIKOVTZI") (hereinafter collectively referred to as "Defendants"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff Deiulemar was, and still is, a foreign company duly organized and operating under foreign law with offices at Torre del Greco, Naples, Italy.

3. Upon information and belief, Defendant Madge was, and still is, a foreign corporation, or other business entity organized and existing under Cypriot law, with an office at Limassol.

4. Upon information and belief, Defendant Kremikovtzi was, and still is, a foreign corporation or other business entity organized and existing under Bulgarian law with a place of business at Sofia.

## FIRST COUNT – M/V GINA IULIANO

5. At all material times Plaintiff was the disponent Owner of the M/V GINA IULIANO.

6. Pursuant to a charter party dated December 27, 2005, Plaintiff chartered the M/V GINA IULIANO to Defendant Madge for one voyage from Abbot Point, Australia to Bourgas, Bulgaria for the carriage of a cargo of 77,000 metric tons of coal, in bulk.

7. At all material times, Defendant Kremikovtzi was the guarantor of Defendant Madge's obligations as Charterer under the December 27, 2005 charter party.

8. During the course of the charter party, certain disputes arose between Plaintiff, as Owner, and Madge and Kremikovtzi, as Charterer and guarantor, respectively, relating to the payment of demurrage due and owing to Plaintiff in the sum of $15,513.20.

9. Despite due demand, Defendants have failed and/or refused to pay the sums due and owing to Plaintiff.

10. Pursuant to the Clause 5 of the December 27, 2005 charter party all disputes between the parties are to be submitted to arbitration in the City of London, England with English Law to apply.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

2

|   |   |   |
|---|---|---|
| A. | Demurrage: | $15,313.20 |
| B. | Interest on claims:<br>2 years at 7%, compounded quarterly | $2,279.86 |
| C. | Attorneys' fees: | $5,000.00 |
| D. | Arbitration costs/expenses: | $5,000.00 |

**Total**                                                                              **$27,593.06**

### SECOND COUNT – M/V TIANJIN PIONEER

12-15.   Paragraphs 1 through 4 of this Verified Complaint are incorporated by reference in this Second Count as if set forth herein at length.

16.   At all material times Plaintiff was the disponent Owner of the M/V TIANJIN PIONEER.

17.   Pursuant to a charter party dated May 13, 2006, Plaintiff chartered the M/V TIANJIN PIONEER to Defendant Madge for one voyage from Mobile, Alabama to Bourgas, Bulgaria for the carriage of a cargo of 50,000 metric tons of coal, 10% more or less in Plaintiff's option, in bulk.

18.   At all material times, Defendant Kremikovtzi was the guarantor of Defendant Madge's obligations as Charterer under the May 13, 2006 charter party.

19.   During the course of the charter party, certain disputes arose between Plaintiff, as Owner, and Madge and Kremikovtzi, as Charterer and guarantor, respectively, relating to the payment of demurrage and dispatch due and owing to Plaintiff in the sum of $41,724.

20.   Despite due demand, Defendants have failed and/or refused to pay the sums due and owing to Plaintiff.

21. Pursuant to the Clause 5 of the May 13, 2006 charter party all disputes between the parties are to be submitted to arbitration in the City of London, England with English Law to apply.

22. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | |
|---|---|---:|
| A. | Demurrage/despatch: | $41,724.00 |
| B. | Interest on claims:<br>2 years at 7%, compounded quarterly | $6,211.94 |
| C. | Attorneys' fees: | $10,000.00 |
| D. | Arbitration costs/expenses: | $10,000.00 |
| **Total** | | **$67,935.94** |

### THIRD COUNT – M/V LUCIANA DELLA GATTA

23-26. Paragraphs 1 through 4 of this Verified Complaint are incorporated by reference in this Third Count as if set forth herein at length.

27. At all material times Plaintiff was the disponent Owner of the M/V LUCIANA DELLA GATTA.

28. Pursuant to a charter party dated June 15, 2006, Plaintiff chartered the M/V LUCIANA DELLA GATTA to Defendant Madge for one voyage from Tubarao, Brazil to Bourgas, Bulgaria for the carriage of a cargo of 120,000-130,000 metric tons, more or less in Plaintiff's option, of iron ore in bulk.

29. At all material times, Defendant Kremikovtzi was the guarantor of Defendant Madge's obligations as Charterer under the June 15, 2006 charter party.

30. During the course of the charter party, certain disputes arose between Plaintiff, as Owner, and Madge and Kremikovtzi, as Charterer and guarantor, respectively, relating to the payment of demurrage and dispatch due and owing to Plaintiff in the sum of $179,103.96.

31. Despite due demand, Defendants have failed and/or refused to pay the sums due and owing to Plaintiff.

32. Pursuant to the Clause 31 of the June 15, 2006 charter party all disputes between the parties are to be submitted to arbitration in the City of London, England with English Law to apply.

33. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

|   |   |   |
|---|---|---|
| A. | Demurrage/despatch: | $179,103.96 |
| B. | Interest on claims:<br>2 years at 7%, compounded quarterly | $26,665.32 |
| C. | Attorneys' fees: | $25,000.00 |
| D. | Arbitration costs/expenses: | $25,000.00 |
| **Total** |   | **$255,769.28** |

### COUNT IV – M/V LEONARDO LEMBO

34-37. Paragraphs 1 through 4 of this Verified Complaint are incorporated by reference in this Third Count as if set forth herein at length.

38. At all material times Plaintiff was the disponent Owner of the M/V LEONARDO LEMBO.

39. Pursuant to a charter party dated September 6, 2006, Plaintiff chartered the M/V LEONARDO LEMBO to Defendant Madge for one voyage from Tubarao, Brazil to Bourgas,

5

Bulgaria for the carriage of a cargo of 70,000 metric tons, 10% more or less in Plaintiff's option, of iron ore pellets in bulk.

40. At all material times, Defendant Kremikovtzi was the guarantor of Defendant Madge's obligations as Charterer under the September 6, 2006 charter party.

41. During the course of the charter party, certain disputes arose between Plaintiff, as Owner, and Madge and Kremikovtzi, as Charterer and guarantor, respectively, relating to the payment of demurrage and dispatch due and owing to Plaintiff in the sum of $63,358.50.

42. Despite due demand, Defendants have failed and/or refused to pay the sums due and owing to Plaintiff.

43. Pursuant to the Clause 31 of the September 6, 2006 charter party all disputes between the parties are to be submitted to arbitration in the City of London, England with English Law to apply.

44. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

|   |   |   |
|---|---|---|
| A. | Demurrage/despatch: | $63,358.50 |
| B. | Interest on claims:<br>2 years at 7%, compounded quarterly | $9,432.98 |
| C. | Attorneys' fees: | $15,000.00 |
| D. | Arbitration costs/expenses: | $10,000.00 |
| **Total** | | **$97,791.43** |

## PRAYER FOR ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B

45. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

46. The Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*

C. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels,

credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount of **$449,089.71** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.   That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.   That this Court award Plaintiff its attorneys' fees and costs incurred in this action; and

G.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: June 5, 2007
       Southport, CT

> The Plaintiff,
> DEIULEMAR SHIPPING SpA
>
> By: _____
> Patrick F. Lennon (PL 2162)
> Nancy R. Peterson (NP 2871)
> LENNON, MURPHY & LENNON, LLC
> 420 Lexington Ave., Suite 300
> New York, NY 10170
> (212) 490-6050 – phone
> (212) 490-6070 – fax

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Southport
County of Fairfield   )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:      June 5, 2007
            Southport, CT

                                            _____
                                            Patrick F. Lennon